IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW REX ALLENBY,<br><br>Defendant. | Cause No. CR 21-38-BLG-SPW<br><br>ORDER |

Judgment was entered in this matter on June 2, 2022 (Doc. 50). On June 9, 2022, Defendant Allenby, acting *pro se*, filed a motion seeking the return of "any and all property not listed in the forfeiture allegations by the United States." Mot. (Doc. 54) at 1. This property includes a "2006 Nissan Altima, clothing, personal effects, cell phone, watch, and any other non-contraband items, etc." *Id.* The parties do not agree that the United States has no property belonging to Allenby in its custody or control. *See* Resp. (Doc. 74); U.S. Resp. (Doc. 75).

Counsel for the United States explains that he ensured, before the close of the case, that no property remained in federal custody. *See* U.S. Resp. to Order (Doc. 75) at 1–2. But the Local Rule requires that "the parties confer to identify non-contraband property" in federal hands. D. Mont. L.R. CR 41.1 (Dec. 1, 2022).

The Court has no doubts about counsel's good faith and understands that the

1

United States does not take custody of most property. Yet a defendant has no way of knowing whether counsel for the United States has checked and determined whether any specific item of property is in the hands of a federal agency or whether the issue has been overlooked. If "the parties confer" "[b]efore the conclusion of [the] case," then both counsel will know that the property issue has been addressed. Presumably, defense counsel will explain to the defendant where his property is or, at the least, explain that his property is not in the United States' custody or control.

In short, the United States alone cannot comply with the Local Rule. Only both parties, conferring together, can comply with the Local Rule. It might be useful to develop a form that allows the defendant to identify the property he is concerned about and that counsel for the parties can review and sign to close the issue.

The law requires the Court to treat Allenby's post-judgment Rule 41(g) motion as a civil complaint, governed by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See United States v. Ibrahim*, 522 F.3d 1003, 1007–08 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906–09 (9th Cir. 2003); *United States v. Ramirez*, 339 Fed. Appx. 716, 717 (9th Cir. 2009) (unpublished mem. disp.); *see also Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007). Allenby has pled the facts that he believes support an inference that some property is in

federal custody. *See* Resp. to Order (Doc. 74) at 1–3. Taking his allegations as true, *see, e.g., Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009), he states a claim adequate to require further proceedings. He is not required to produce evidence at the pleading stage. The rules governing summary judgment, *see, e.g.*, Fed. R. Civ. P. 56; *Rand v. Rowland*, 154 F.3d 952, 956–59 (9th Cir. 1998) (en banc); D. Mont. L.R. 56.1, 56.2 (Dec. 1, 2022), govern the presentation of evidence. A statement by counsel in a brief has the same evidentiary weight as Allenby's allegations in his motions.

The Court construes the United States' responses to date (Docs. 60, 75) as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the parties do not agree on the facts, the motion to dismiss must be denied. The Court must set a schedule for discovery and motions practice in a civil format. A motion for summary judgment cannot be filed in lieu of an answer, *see* Fed. R. Civ. P. 12(a)(4), (b), but it may be filed with an answer.

Accordingly, IT IS ORDERED:

1. Allenby's motion (Doc. 54) and response to the Order of November 21, 2022 (Doc. 74), taken together, are DEEMED the complaint.

2. Construing the United States' submissions (Docs. 60, 75) as a motion to dismiss under Rule 12(b)(6), the motion is DENIED.

3. The United States must file an answer to Allenby's complaint on or before **February 15, 2023.** If the United States also files a motion for summary judgment, briefing will proceed in accordance with D. Mont. L.R. 7.

4. Pursuant to Fed. R. Civ. P. 7(a)(7), Allenby shall not file a reply unless the Court orders one.

5. Discovery will close on **March 31, 2023.**

6. All pretrial motions must be filed on or before **May 5, 2023.**

7. With Allenby's service copy of this Order, the clerk shall include the Court's standard rules packet for civil cases.

DATED this 20th day of January, 2023.

Susan P. Watters
United States District Court