IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-38-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW REX ALLENBY, | |
| Defendant. | |

Judgment was entered in this matter on June 2, 2022. (Doc. 50). On June 9, 2022, Defendant Andrew Rex Allenby, acting *pro se*, filed a post-judgment motion under Federal Rule of Civil Procedure 41(g) seeking the return of "any and all property not listed in the forfeiture allegations by the United States." (Doc. 54 at 1). He described this property as a "2006 Nissan Altima, clothing, personal effects, cell phone, watch, and any other non-contraband items, etc." (*Id.*). The parties disagree on whether the United States has custody or control over the requested property. (*Cf.* Doc. 74 and Doc. 75).

The Court construed Defendant's post-judgment Rule 41(g) motion as a civil complaint, as it must under the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007-08 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906-09 (9th Cir. 2003); *United States v. Ramirez*, 339 Fed. Appx.

716, 717 (9th Cir. 2009). *See also Bertin v. United States*, 478 F.3d 489, 493 (2d

Cir. 2007). Accordingly, the Court construed the United States' responses (Docs.

60, 75) as a motion to dismiss under Rule 12(b)(6). Because the parties did not

agree on whether the United States had possession of the property, the Court

denied the motion to dismiss and issued a scheduling order. (Doc. 80).

The United States filed this instant motion for summary judgment on

February 15, 2023, again asserting that it did not have custody or control over the

requested property. (Doc. 87). In support of its motion, the United States filed an

affidavit from ATF Special Agent Philip Swain. (Doc. 90). Swain declared that he

was contacted by the Rosebud County Sheriff's Office on September 25, 2020,

regarding Defendant's case report. (*Id.* at 2). After reviewing the case, Swain took

possession only of a firearm, ammunition, suspected drugs, drug paraphernalia, gift

cards, and badges. (*Id.*). He brought the evidence to the Billings ATF Field Office

and placed them in the evidence vault. (*Id.*). Swain further declared, "At no time

did the United States take control of ... the 2005 Nissan Altima and the two cell

phones, as well as any other personal property which may have been seized by the

Sheriff's Office." (*Id.*).

Attached to Swain's affidavit is a copy of the inventory detailing the

evidence held by the United States. (Doc. 90-1). The inventory list matches

Swain's description of the seized evidence. The United States also filed a

2

declaration confirming that notice of forfeiture of Defendant's other property was published with a copy of the notice attached, in order to show that none of the requested property was forfeited or contemplated for forfeiture to the United States. (Doc. 92; Doc. 88 at 10).

As required by Local Rule 56.2, the United States also filed a notice to Defendant explaining what Federal Rule of Civil Procedure 56 required of Defendant if he wished to contest the motion for summary judgment. (Doc. 91). Though the notice does not specify the deadline for Defendant to respond, Local Rule 7.1(d)(1)(B)(i) requires responses to summary judgment motions to be filed within 21 days of the filing of the motion. D. Mont. L.R. 7.1(d)(1)(B)(i). Three days are added to this deadline for pro se parties mailing their responses. Accordingly, Defendant had until March 13, 2023, to respond.

As of April 10, 2023, Defendant had not responded to the United States' motion for summary judgment. Under Local Rule 7.1(d)(1)(B)(ii), Defendant's failure to file a response brief may be deemed an admission that the motion is well-taken.

The United States has provided sufficient information for the Court to conclude that the United States does not have nor ever had possession or control over the requested property. The ATF's inventory list does not show any of the property requested by Defendant, which Swain affirmed in his affidavit.

3

Accordingly, without any evidence to support a contrary conclusion, the Court finds that summary judgment in favor of the United States is proper.

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment (Doc. 87) is GRANTED.  IT IS FURTHER ORDERED that Defendant Andrew Rex Allenby's Motion for Return of Property is DENIED.  (Doc. 54).

DATED this _11th_ day of April, 2023.

Susan P. Watters

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE

4