IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW REX ALLENBY,<br><br>Defendant. | Cause No. CR 21-38-BLG-SPW<br><br>ORDER |

This matter initially came before the Court on a letter sent by Defendant Andrew Rex Allenby ("Allenby"), in which he seemed to challenge the constitutionality of 18 U.S.C. §§ 922(g)(1) as applied to his case. *See* (Doc. 96 at 2-4.) Allenby did not characterize his request as a filing for relief pursuant to 28 U.S.C. § 2255, however, the Court entered an order of its intent to do so and allowed Allenby the opportunity to file an amended motion in which he could present all of his claims. (Doc. 97.) On January 16, 2024, Allenby filed his amended motion under § 2255. (Doc. 98.)

I.      **Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 3, 2021, while represented by counsel, Allenby pled guilty to Count I, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and Count II, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement (Doc. 28.) On June 2, 2022, this Court sentenced Allenby to the Bureau of Prisons for a term of 96 months, followed by a 4-year period of supervised release. *See* Judg. (Doc. 50.) Allenby did not appeal; however, he did file post-judgment motions relating to the return of property. *See e.g.,* (Docs. 54 & 74.) Those matters were resolved on April 11, 2023. (Doc. 93.)

Allenby now argues that his rights under the Second Amendment were violated and emphasizes that all people in the United States have the right to own and bear arms and that this right shall not be infringed upon. (Doc. 98 at 3.) He points to *United States v. Prince*, __ F. Supp. 3d, __, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023), and *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), in support of his position. (*Id.* at 4-5.)[1] Allenby also claims that his trial counsel was ineffective for failing to raise a Second Amendment challenge during the investigative portion of his case. (*Id.* at 7). Allenby asks this Court to vacate his guilty plea for being a prohibited person in possession of a firearm, remove the points from his offense level, and resentence him to an appropriate term of incarceration. (*Id.* at 5.)

### III.  Analysis

The Court has considered Allenby's challenges to the validity of his conviction and sentence. For the reasons explained below, Allenby's § 2255 motion will be denied.

### i.  Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was

---

[1] Allenby also references a case entitled "Williams v. Garland" but has provided no case citation information, (Doc. 98 at 5). The Court is unable to locate this case.

3

imposed in violation of the Constitution or laws of the United States [...] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

As a preliminary matter, it appears Allenby's filing may be barred by procedural hurdles, including the statute of limitations and procedural default. But this Court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues).

    ii.    **Constitutionality of Section 922(g)(1) in wake of *Bruen***

In *Bruen*, the Supreme Court set forth a new test to determine whether a

firearm regulation comports with the Second Amendment. *Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387. This framework, "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. First, courts ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2126. If it does not, then the "regulated activity is categorically unprotected"; the regulation is valid and "the analysis can stop there." If the Second Amendment's text covers the conduct at issue, however, the conduct is "presumptively protect[ed]." *Id.* at 2130. Then, courts must ask whether the government has met its burden to "justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation." *Id.* If a firearm regulation is consistent with historical tradition, "[o]nly then may a court conclude that the individual's conduct falls outside the Second Amendment's [protection]" and the regulation is constitutionally valid. *Id.*

The Ninth Circuit, relying upon *District of Columbia v. Heller*, 554 U.S. 570 (2008), has consistently held that § 922(g)(1) does not violate the Second Amendment. *United States v. Philips*, 827 F. 3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F. 3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay,* 594 F. 3d 1111, 1118 (9th Cir. 2010). In *Heller*, the Supreme Court struck down a District of Columbia law banning possession of firearms by

homeowners, finding that the Second Amendment protects the individual right to bear arms. *Heller*, 554 U.S. at 595. The Supreme Court noted that the right is not unlimited and that "nothing in the opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which was "presumptively lawful." *Id.* at 626-27. Subsequently, in *McDonald v. City of Chicago*, the Supreme Court stated that *Heller* "did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons."" 561 U.S. 742, 786 (2010)(*quoting Heller*). Notably, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court has characterized the Second Amendment right as belonging to law-abiding citizens.

Although he does not provide any analysis, Allenby seems to argue that a case out of the Northern District of Illinois, supports his argument. In *United States v. Prince*, the court found that (1) the defendant was covered by the plain text of the Second Amendment, and (2) the government failed to satisfy its "burden to show a history and tradition of 'relevantly similar' analogues to § 922(g)(1)'s permanent, categorical firearm dispossession of all felons," and therefore stated that it was "forced to grant defendant's motion to dismiss the indictment against him under *Bruen*, regardless of whether he is challenging the statute as applied or on its face." *Prince*, 2023 WL 7220127, at *11.

The procedural posture of *Prince,* which concerned a pretrial motion, is

6

distinct from Allenby's Section 2255 motion. Moreover, the decision does not constitute binding precedent upon this Court. The Court would note, however, that there is disagreement within the Northern District of Illinois. Other courts within that same district have followed the majority of courts within the Seventh Circuit, and across the nation, in finding that § 922(g)(1) is constitutional under the framework set out by *Bruen*. *See e.g., U.S. v. Calhoun*, No. 22-CR-00025, 2024 WL 36977, at *6 (N.D. Ill. Jan. 3, 2024). Allenby's reliance upon *Prince* does not persuade the Court to depart from Ninth Circuit decisions, whether pre-*Bruen* or post-*Bruen*.

Or put another way, *Bruen* is not irreconcilable with pre-*Bruen* precedent within the Ninth Circuit addressing the constitutionality of § 922(g)(1). *Bruen* did not overrule the precedential cases discussed herein, and this Court is bound by them. *See e.g., United States v. Yates*, Cause No. 23-cr-00318-AMO-1, 2024 WL 69072, at *2 (N.D. Cal. Jan. 5, 2024)("[E]very district court in the circuit to decide this issue has concluded that *Vongxay* and its progeny are not clearly irreconcilable with *Bruen*.") (collecting cases.) Other Courts of Appeals have ruled similarly. *See Vincent v. Garland*, 80 F. 4th 1197, 1202 (10th Cir. 2023); *United States v. Jones*, 88 F. 4th 571, 574 (5th Cir. 2023)(per curiam). In short, Allenby has failed to show that prohibiting felons from possessing firearms under § 922(g)(1) is inconsistent with the historical tradition of firearms regulation and/or that it is

unconstitutional under *Bruen*. His motion must be denied.

Similarly, because Allenby's argument lacks merit, his counsel cannot be found to have provided ineffective assistance for failing to advance a *Bruen* challenge. *See Cooper v. Fitzharris*, 551 F. 2d 1162, 1166 (9th Cir. 1977)(failure to raise meritless argument does not constitute ineffective assistance of counsel); *see also Boag v. Raines*, 769 F. 2d 1341, 1344 (9th Cir. 1985)(same).

### IV. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Allenby is not entitled to a certificate of appealability. No reasonable jurist would find debatable Allenby's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

//

Accordingly, IT IS ORDERED:

1. Allenby's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 98) is DENIED on the merits, as is his original pro se motion (Doc. 96).

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Allenby files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 24-10-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Allenby.

DATED this 16th day of April, 2024.

Susan P. Watters
United States District Court